# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **PINE BARRON, LLC, *et al.*,** | * | |
| **Plaintiffs,** | * | |
| vs. | * | CIVIL ACTION 10-00325-CG-B |
| **FOUNDATION FARMS, LLC, *et al.*,** | * | |
| **Defendants.** | * | |

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendant Henry Lee Cole's Motion to Dismiss (Doc. 13), Defendants Foundation Farm, LLC, Laird Cole, and Henry Lee Cole's Motion to Stay (Doc. 26) and Defendants Foundation Farm, LLC, Laird Cole, and Henry Lee Cole's Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. 33). A hearing was conducted on November 4, 2010. Upon consideration of the above-referenced motions, Plaintiffs' responses, and the representations of counsel at the November 4th hearing, the undersigned recommends as follows:

1. Defendant Henry Lee Cole's Motion to Dismiss (Doc. 13) should be denied as moot. In the motion, Defendant Cole asserts that Plaintiffs' claims against him should be dismissed due to insufficient service of process and because Plaintiffs failed to

provide notice of intent to sue as required under the Federal Water Pollution Control Act, commonly known as the Clean Water Act (hereinafter "CWA"), 33 U.S.C. § 1365, and the Resource Conservation and Recovery Act (hereinafter "RCRA"), 42 U.S.C. § 6972. In response, Plaintiffs assert that the federal claims in their lawsuit are asserted solely against Defendants Laird Cole and Foundation Farms, LLC and that service has been properly perfected on Defendant Henry Lee Cole with respect to the state claims that have been asserted against him. At the November 4th hearing, counsel for the parties agreed that Defendant Henry Lee Cole's Motion to Dismiss (Doc. 13) should be denied as moot as the only claims being asserted against Defendant Henry Lee Cole are state law claims, and he has been properly served. Accordingly, the undersigned recommends that Defendant Henry Lee Cole's Motion to Dismiss (Doc. 13) be denied as moot.

2. Defendants Foundation Farms, LLC, Laird Cole, and Henry Lee Cole's Motion to Stay (Doc. 26) should likewise be denied as moot. In their motion, Defendants request a stay of this action based upon Plaintiffs' failure to timely serve a notice of intent to sue upon Henry Lee Cole prior to commencing this action. As noted supra, at the November 4th hearing, counsel for the parties agreed that the only claims being asserted against Defendant Henry Lee Cole are state law claims;

thus, the fact that he was not served with a notice of intent prior to the commencement of this action is immaterial. Accordingly, the undersigned recommends that Defendants' Motion to Stay (Doc. 26) be denied as moot.

3. Defendant Foundation Farms, LLC, Laird Cole, and Henry Lee Cole's Motion to Dismiss, or in the Alternative, Motion for Stay (Doc. 33) should be denied. In their motion, Defendants asserts that because the Alabama Department of Environment Management ("ADEM") filed a complaint against Foundation Farms, LLC in the Circuit Court of Dallas County for many of the same violations alleged in the instant action, Plaintiffs' federal claims under the CWA and RCRA should be dismissed. According to Defendants, both the CWA and RCRA prohibit citizen suits, such as the instant action, where the state has filed litigation and is diligently prosecuting the action. Defendants further argue that because the federal claims are due to be dismissed, this court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Plaintiffs, in response, argue that the federal claims against Foundation Farms, LLC and Laird Cole should not be dismissed because both Defendants were timely served with notices of intent to sue more than sixty days before commencement of the action in compliance with the CWA and RCRA,

that the appropriate government officials were also properly served with notices of intent to sue, and that Plaintiffs commenced this action prior to the commencement of the ADEM lawsuit. According to Plaintiffs, because the ADEM complaint was filed *after* Plaintiffs commenced this action, the ADEM action has no preclusive effect. At the hearing, counsel for Defendants acknowledged that the ADEM action was filed *after* the instant action and that the ADEM action does not reference any alleged violations of RCRA.

In this action, Plaintiff alleges that Foundation Farms, LLC is a concentrated animal feeding operation that is maintaining 400 cattle at a facility that has an animal waste lagoon designed for only 200 cattle, and that as a result, in June 2008 and continuing, animal waste from the Foundation Farms facility began to overflow from the facility and is being discharged onto Plaintiffs' adjacent property and into Bogue Chitto Creek, and is thereby contaminating the waters.

The CWA was enacted in 1948 for the control of water pollution and has been amended over time so that authority for keeping the nation's waterways clean is now shared by the states, the federal government, and private citizens. Black Warrior Riverkeeper Inc. v. Cherokee Mining, LLC, 548 F.3d 986, 987-88 (11th Cir. 2008). The Act allows a private citizen to bring a civil action on his own behalf against "[a]ny person ...

4

who is alleged to be in violation of ... an effluent standard or limitation under this Act." 33 U.S.C. § 1365(a)(1)(A)[1]. Section 1365 further provides that "[n]o action may be commenced" prior to 60 days after the plaintiff has given notice of the alleged violation to (1) the administrator, (2) the State in which the alleged violation occurs, and (3) to any alleged violator."[2] The law is well established that the notice provision under the CWA and RCRA constitute a mandatory condition precedent to the filing of a citizen suit under the CWA and RCRA. If a plaintiff

---

[1]Section 1365(a) provides in relevant part:

Except as provided in subsection (b) of this section and section 1319 (g)(6) of this title, any citizen may commence a civil action on his own behalf--
(1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation ....

33 U.S.C. § 1365(a)(1).

[2] Like the CWA, RCRA provides for the judicial enforcement of environmental standards through the combined efforts of state agencies, federal agencies, and private citizens. 42 U.S.C. § 6972. 42 U.S.C. § 6972(b)(1) of the RCRA provides that "no action may be commenced under [RCRA's citizen suit provision] ... prior to 60 days after the plaintiff has given notice of the violation to -- (i) the Administrator; (ii) the State in which the alleged violation occurs; and (iii) to any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order." 42 U.S.C. § 6972(b)(1).

5

fails to comply with the notice requirements, the district court is required to dismiss the action. Hallstrom v. Tillamook County, 493 U.S. 20, 29, 110 S. Ct. 304, 107 L. Ed. 237 (1989) (citing Gwaltney of Smithfield v. Chesapeake Bay Found., Inc., 484 U.S. 49, 60, 98 L. Ed. 2d 306, 108 S. Ct. 376 (1987) (Gwaltney I), superseded by statute on other grounds as recognized in Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1005 (2004)); Nat'l Envtl. Found. v. ABC Rail Corp., 926 F.2d 1096, 1097-98 (11th Cir. 1991). Because the "citizen suit is meant to supplement rather than to supplant governmental action," the courts have recognized that requiring citizens to comply with the notice and delay requirements "allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits." Id. Given these purposes, the courts have held that the Act bars citizens from suing if the EPA or the State has already commenced, and is "diligently prosecuting," an enforcement action. Friends of the Earth, Inc., v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 175, 120 S. Ct. 693; 145 L. Ed. 2d 610 (2000).

A review of the record in this case establishes that on June 4, 2009, Plaintiffs provided notices of intent to sue to Defendants Foundation Farms, LLC and Laird Cole, and various government officials (Doc. 36, Ex. A and Ex. B), and that more

than sixty (60) days later, Plaintiffs, on June 23, 2010, filed this action alleging various violations of the CWA and RCRA. (Doc. 1). More than a year after Plaintiffs' notices were served, and nearly two months after the instant suit was filed, ADEM, on August 13, 2010, filed a complaint in the Circuit Court of Dallas County, Alabama alleging that Foundation Farms, LLC failed to comply with ADEM Administrative Order No. 10-063-NP, and seeking judicial enforcement pursuant to the Alabama Water Pollution Control Act, Ala. Code § § 22-22-11 to 22-22-14 (2006 Replc. Vol.). (Doc. 34). Because this action was commenced more than 60 days *after* the notice, and before the ADEM was commenced, it is properly before the Court pursuant to the citizen suit provisions contained in the CWA and RCRA.[3] Accordingly, Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. 33) is due to be dismissed.

For the reasons set forth herein, the undersigned recommends that Defendant Henry Lee Cole's Motion to Dismiss (Doc. 13) be denied as moot, that Defendants Foundation Farm,

---

[3] While acknowledging that the ADEM suit was filed *after* the instant action, Defendants, at the November 4th hearing, argued that because ADEM was prevented under state regulations from filing suit before August 13, 2010, the ADEM suit should take precedence over this citizens' action. Although provided an opportunity to offer case authority for this argument, Defendants have not done so, and the undersigned is unaware of any supporting authority.

7

LLC, Laird Cole, and Henry Lee Cole's Motion to Stay (Doc. 26) be denied as moot, and that Defendants Foundation Farm, LLC, Laird Cole, and Henry Lee Cole's Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. 33) be denied.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.

**DONE** this **16th** day of **November, 2010.**

                                      <u>/s/SONJA F. BIVINS</u>
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

9

brief in support of the objection may be deemed
an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   ***Transcript (applicable Where Proceedings Tape Recorded).***
Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **16th** day of **November, 2010.**

**           /s/ SONJA F. BIVINS         **
**     UNITED STATES MAGISTRATE JUDGE**